NOT DESIGNATED FOR PUBLICATION

STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

CM 16-955


MARLON EAGLIN

VERSUS

EUNICE POLICE DEPARTMENT, ET AL.


\*\*\*\*\*\*\*\*\*\*

APPEAL FROM THE
TWENTY-SEVENTH JUDICIAL DISTRICT COURT
PARISH OF ST. LANDRY, NO. C-161677-A
HONORABLE JAMES PAUL DOHERTY, JR., DISTRICT JUDGE

\*\*\*\*\*\*\*\*\*\*

ULYSSES GENE THIBODEAUX

CHIEF JUDGE

\*\*\*\*\*\*\*\*\*\*

Court composed of Ulysses Gene Thibodeaux, Chief Judge, Elizabeth A. Pickett, and Phyllis M. Keaty, Judges.


**MOTION TO REMAND APPEAL GRANTED.**


John Fayne Wilkes, III
Joy Cantrelle Rabalais
Allison M. Ackal
Kyle Choate
Taylor Stover
Borne, Wilkes & Rabalais
Post Office Box 4305
Lafayette, LA 70502-4305
(337) 232-1604
COUNSEL FOR DEFENDANT/APPELLEE:
        Eunice Police Department
        City of Eunice Chief RandyFontenot

**Harold Dewey Register, Jr.**
**Attorney at Law**
**216 Rue Louis XIV**
**Lafayette, LA 70598-0214**
**(337) 981-6644**
**COUNSEL FOR PLAINTIFF/APPELLEE:**
      **Marlon Eaglin**
      **Paul Powell**

**THIBODEAUX, Judge.**

The Defendants-Appellees, the City of Eunice and Chief Randy Fontenot, in his official capacity as chief of police for the City of Eunice, filed a Motion for Remand to Rule Paul Powell to Show Cause Why He Should Be Allowed to Proceed In Forma Pauperis Without an Affidavit of Poverty.

On an exception of prescription filed by the Appellees, the trial court dismissed the claims made by the Plaintiff-Appellant, Marlon Eaglin, against the Appellees, in Mr. Eaglin's amended petition. Appellant filed a motion for appeal; the trial court granted the order of appeal which ordered "[a]n appeal be granted in this case on behalf of **PAUL POWELL** to the Third Circuit Court of Appeal of the State of Louisiana with the appeal being returnable in accordance with the law."

Despite the lack of any order granting Appellant pauper status, the Notice of Appeal indicates that the appeal was being filed in forma pauperis. Therefore, the Appellees filed the motion to remand *sub judice* asking for this court to remand the appeal for the Appellees to traverse Mr. Eaglin's right to take his appeal as a pauper.

As correctly noted by the Appellees, La.Code Civ.P. art. 2088 does not provide the trial court with authority to review a party's pauper status once the order of appeal has been granted. Moreover, as pointed out by the Appellees, since the record does not show that the Appellees had the opportunity to traverse Appellant's pauper status prior to the granting of the order of appeal, the appropriate remedy is for the Appellees to file this motion to remand the appeal for the purpose of traversing Appellant's pauper status. *See Ainsworth v. State Farm Mut. Auto. Ins. Co.*, 389 So.2d 1376 (La.1980). While it appears from the limited documents provided to this court by the Appellees attached to their motion to

remand that Appellant neither sought nor was granted pauper status, the Notice of Appeal sent to this court and to the Louisiana Supreme Court by the Office of the Clerk of Court for the Twenty-Seventh Judicial District Court, Parish of St. Landry, indicates that the appeal has been taken in forma pauperis. Since the appellate court is a court of record and cannot determine from the limited information provided whether this Notice of Appeal is in compliance with a heretofore unknown pauper order or whether the Notice of Appeal is in error in indicating that the appeal is taken in forma pauperis, we find that the appropriate remedy is to remand the appeal for the correction of the record or the traversal of Appellant's pauper status. Therefore, we grant the Motion to Remand for the traversal of Appellant's pauper status, if he has been granted pauper status, or, alternatively, for the correction of the record to reflect that the appeal is not taken in forma pauperis and for any further action necessary for appeals which have not been taken in forma pauperis.

**MOTION TO REMAND APPEAL GRANTED.**

THIS OPINION IS NOT DESIGNATED FOR PUBLICATION.
Rule 2-16.3 Uniform Rules, Court of Appeal.